IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID DWIGHT RAMAN, JR., )
)
      Petitioner, )
)
v. ) Case No. 1:14CV248
)
FRANK PERRY, )
)
      Respondent. )
)

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 29, 2011, a jury in the Superior Court of Guilford County convicted Petitioner of three counts of first-degree rape of a child, six counts of first-degree sexual offense with a child, and nine counts of indecent liberties with a child. (Petition [Doc. #2], § 2, 5.) These charges stemmed from his sexual abuse of his juvenile daughter "Mollie."[1] The convictions resulted in nine sentences of 240 to 297 months of imprisonment. (Id., § 3, Attach.) Petitioner filed an unsuccessful direct appeal, State v. Raman, No. COA11-1588, 2012 WL 4077895 (N.C. App. Sept. 18, 2012) (unpublished), rev. denied, 366 N.C. 431, 736 S.E.2d 757 (2013), but made no other filings in the state courts before filing his Habeas Petition [Doc. #2] in this Court. Respondent opposed the Petition by filing a Motion for Summary Judgment [Doc. #6] which is now before the Court.

---

[1] "Mollie" is a pseudonym used by the state courts to protect the victim's identity.

1

Petitioner's Claims

Petitioner presents four possible grounds for relief in his Petition. The first is that the State improperly presented the testimony of expert witness Susan Vaughn to bolster the victim's credibility. (Petition, § 12, Ground One.) The second is that there was a lack of physical evidence in the case and that medical findings conflicted with the victim's allegation. (Petition, § 12, Ground Two.) Third, Petitioner asserts that he is innocent and that the case is the result of a vendetta by the victim's mother. (Petition, § 12, Ground Three) Finally, he claims that the twenty proposed issues listed by his attorney in filing his direct appeal constitute further claims for relief. (Petition, § 12, Ground Four, Attach.) These proposed issues consist of allegations that the trial court erred in failing to dismiss certain charges or that it incorrectly ruled on various objections by the parties at trial. (Id.)

Discussion

Although Petitioner claims in his Petition that he exhausted state court remedies as to his claims, Respondent asserts that all of Petitioner's claims are actually unexhausted and procedurally barred from review in this Court. A review of the record reveals that Respondent is correct.

This Court cannot grant relief to Petitioner unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina

2

Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). As stated earlier, Petitioner listed the twenty proposed issues on appeal. The list includes his first claim for relief and, at least arguably, his second and third claims as well. (Respondent's Brief [Doc. #7], Ex. 3(b).) However, Petitioner then briefed and pursued only one of these issues, his first claim for relief, in the North Carolina Court of Appeals and the North Carolina Supreme Court. Ramen, 2012 WL 4077895, at *1. Therefore, the other issues remain clearly unexhausted and this Court cannot grant relief on them.

Further, examination of Petitioner's state court appellate briefs reveals that even Petitioner's first claim for relief is unexhausted. Although he raised the factual substance of that claim during both stages of his direct appeal, he raised the claim only in terms of state, not federal, law. (Respondent's Brief [Doc. #7], Exs. 4, 6.) This is not sufficient to exhaust the claim and allow for habeas review. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (holding that petitioner must fully and fairly present all his federal claims to each level of review in the state system); Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (finding that petitioner must place "both the operative facts and the controlling legal principles" before the state courts); Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (recognizing that "general appeals to broad constitutional principles[] such as due process" and the "mere similarity between a claim of state and federal error" does not suffice); Adelson v. DiPaola, 131 F.3d 259, 262-64 (1st Cir. 1997) (concluding that "mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry

3

the burden of demonstrating fair presentment of a federal claim"). Because of the failure to exhaust, this Court cannot grant relief to Petitioner even as to his first claim for relief.

The Court could stay or dismiss the case without prejudice to allow Petitioner to exhaust his state court remedies. However, there is no need to do so because his claims are also procedurally barred. If Petitioner returned to the state courts to exhaust his claims by filing a motion for appropriate relief, he would find his claims procedurally barred by N.C. Gen. Stat. § 15A-1419 because he could have pursued the claims on direct appeal, but did not. This means that the claims are also procedurally barred from consideration in this Court. See O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999).

Petitioner's Response Brief [Doc. #7] is largely unresponsive to Respondent's arguments concerning exhaustion and procedural bar.[2] However, he does make conclusory statements that his incarceration constitutes a miscarriage of justice because he is innocent and that any failure to properly pursue his claims in the state courts was a result of ineffective assistance of counsel. The Court will briefly evaluate those propositions.

The Court may hear Petitioner's procedurally defaulted claims if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Murray v. Carrier, 477 U.S.

---

[2] The Court notes that Petitioner requests an appointment of counsel in his Response. Given that the recommendation that the case be dismissed, no appointment of counsel is appropriate.

4

478 (1986)). As the North Carolina Court of Appeals succinctly and accurately stated in denying Petitioner's direct appeal:

> [B]eyond Mollie's consistent statements and testimony regarding abuse by Raman, there was evidence of Raman's abuse of Mollie: Mollie's brother testified to seeing Mollie come out of Raman's room trying to put her clothes back on; Mollie's brother testified to being shocked at the sight of Raman going into the bathroom where Mollie was sitting without underwear; Mollie's mother testified about trying to get into the bedroom while she suspected Raman was sexually abusing Mollie; Mollie's aunt stated that she'd seen Raman on top of Mollie and Raman replied that he thought Mollie was her aunt; Mollie's enuresis, sexualized behavior, sexual relationship with her brothers and another girl in foster care, sleep disturbances, and difficult peer interactions, which are symptoms consistent with abuse; and corroboration by multiple witness of Mollie's testimony.

Ramen, 2012 WL 4077895, at *2. Petitioner makes only conclusory allegations that he is innocent and that the victim and all of the witnesses who corroborated parts of her testimony testified falsely. This argument fails because it falls far short of the clear and convincing evidence needed to demonstrate a miscarriage of justice.

As for Petitioner's assertion of ineffective assistance, constitutionally ineffective assistance of counsel amounts to cause to excuse a procedurally defaulted claim. See Coleman, 501 U.S. at 753-54; Murray, 477 U.S. at 488 (1986). In order to prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit). With respect to the first prong, petitioner bears the burden of affirmatively

5

showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, to establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Claims of ineffective assistance on appeal are also judged using the Strickland test. See Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745 (1983); see also Smith v. Murray, 477 U.S. 527 (1986); Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. Jones, 463 U.S. at 751-52. Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)).

Here, Petitioner's counsel initially raised a multitude of issues on appeal, but then narrowed that list to a single claim for briefing. Petitioner states that this winnowing constituted ineffective assistance, but his claim to that effect is entirely unsupported and conclusory. He points to none of the nineteen proposed issues which were not pursued that has merit. Most of his brief consists of bald assertions that the witnesses against him lied, mixed with unsupported hypotheticals to explain their motives for lying or provide alternate explanations for physical evidence in the case. Further, as to the single issue that counsel did

brief and pursue, Petitioner makes no argument to establish that the claim would have succeeded if raised in terms of federal, rather than state, law. In the end, Petitioner fails to demonstrate either cause and prejudice or a miscarriage of justice. His claims should be dismissed because they are all unexhausted and procedurally barred.

IT IS THEREFORE RECOMMENDED that Respondent's Motion for Summary Judgment [Doc. #6] be granted, that the Petition [Doc. #2] be denied, and that this action be dismissed.

This, the 10th day of March, 2015.

                                                          /s/ Joi Elizabeth Peake  
                                                        United States Magistrate Judge